**ORIGINAL**                                                                P-SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 03-2446-RGK (Rcx) ✓ | Date: MAR - 2 2006 |
| | Consolidated With: CV 03-6503-RGK (Rcx) | |
| | CV04-247-RGK (RCx) | |

Title   *IN RE SYNCOR ERISA LITIGATION*

Present: The Honorable   R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| S. Eagle<br>Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                        Not Present

Proceedings: **(IN CHAMBERS) PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT, FOR RELIEF FROM JUDGMENT, AND TO CONSIDER THE PARTIES' SETTLEMENT AGREEMENT; and PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, FOR APPROVAL OF CLASS NOTICE, AND SETTING HEARING ON FINAL APPROVAL**



DOCKETED ON CM
MAR -3 2006
BY _____ 004

## I. INTRODUCTION

This class action lawsuit was brought on behalf of participants in Syncor International Corporation's ("Syncor") ERISA Plan. The Complaint alleged that Syncor and two members of Syncor's Board of Directors ("Director Defendants")[1] (collectively, "Defendants") violated their fiduciary duty to Plaintiffs. Specifically, the Complaint alleged that (1) Syncor failed to prudently and loyally manage Plan assets which resulted in a breach of fiduciary duties in violation of ERISA §§ 404(a)(1)(A)-(D) and 409; and (2) Syncor and the Director Defendants violated ERISA §§ 404(a)(1)(A)-(D) and 405 by failing to monitor the actions of the Committee Members and failing to provide the Committee Members with accurate information regarding illegal overseas payments by Syncor's subsidiaries.

On January 10, 2006, the Court granted Defendants' Motions for Summary Judgment on all causes of action against Syncor and the Director Defendants. Presently before the Court is Plaintiffs' Motion to Alter or Amend Judgment, for Relief from Judgment and to Consider the Parties' Settlement Agreement. Also before the Court is Plaintiffs' Motion for Preliminary Approval of Settlement, for Approval of Class Notice, and Setting Hearing on Final Approval. For the reasons set forth below, the Court denies Plaintiffs'

---

[1] The Director Defendants are Monty Fu (Syncor's co-founder and chairman of the Board) and Robert Funari (Syncor's chief executive officer, president, and Board member).

Motion to Alter or Amend Judgment and denies Plaintiffs' Motion for Preliminary Approval of Settlement as moot.

## II. FACTUAL BACKGROUND

The named Plaintiffs in this case were employees of Syncor who participanted in Syncor's Employees' Savings and Stock Ownership Plan (the "Plan").[2] The class action Complaint asserted causes of action against Syncor and the Director Defendants who Plaintiffs alleged were all fiduciaries of the Plan. Syncor was the Plan sponsor, a Plan administrator, and a fiduciary. It relied on its Board of Directors ("Board") and acted through its officers and employees who were appointed to perform plan-related functions (the "Committee Members").[3] Syncor's Board was responsible for appointing the Plan's Committee Members, and the Board had final decision-making authority regarding all aspects of the Plan's administration.

On June 14, 2002, Syncor and Cardinal Health ("Cardinal") announced that Cardinal would acquire Syncor in a stock-for-stock merger. Approximately six months later, Cardinal announced on November 6, 2002, that while doing due diligence investigation related to the merger, it had uncovered illegal payments made by a subsidiary of Syncor in Taiwan and China. Upon disclosure of the illegal payments, the price of Syncor stock dropped. Subsequently, Cardinal reduced the exchange rate of 0.52 shares of Cardinal stock for each Syncor share to 0.47.

Plaintiffs alleged that Syncor stock was an imprudent investment because throughout the class period, Syncor's international subsidiaries were engaged in a foreign bribery scheme whereby illegal payments were made to foreign doctors in order to increase sales of Syncor's radiopharmaceutical services. Plaintiffs asserted that the bribery scheme was approved of and implemented by the highest levels of Syncor's management. The payments violated the Foreign Corrupt Practice Act ("FCPA") and resulted in the Securities and Exchange Commission ("SEC") and the Department of Justice ("DOJ") bringing actions against Syncor.[4] Plaintiffs alleged that because Plan participants did not know about the bribery scheme, Defendants misled them about the appropriateness of investing in Syncor stock.

On November 21, 2005, Syncor and Director Defendant Robert Funari filed a Motion for Summary Judgment. On November 23, 2005, Director Defendant Monty Fu filed a Motion for Summary Judgment. The Court granted both Motions for Summary Judgment on January 10, 2006. Plaintiffs subsequently filed

---

[2] The Plan allowed participants to save for retirement and was comprised of two separate components. First, the Plan's 401(k) component permitted participants to contribute between one and fourteen percent of their compensation to the Plan each pay period. Plaintiffs could invest their contributions in any of nine available investment funds chosen by Syncor. Second, the Plan had an employee stock ownership plan ("ESOP") component in which participants could invest up to an additional two percent of pre-tax contributions in Syncor stock.

[3] The Court dismissed Plaintiffs' claims against the Committee Members on August 23, 2004.

[4] On December 2, 2002, Syncor entered into a non-prosecution agreement with the DOJ. On December 3, 2002, Syncor Taiwan, Inc., a subsidiary of Syncor, entered into a plea agreement with the DOJ in which Syncor Taiwan pleaded guilty to one count of violating the FCPA and paid a fine of $2 million. On December 3, 2002, Syncor also entered into a consent decree with the SEC in which Syncor agreed to entry of a cease and desist order and agreed to pay a fine of $500,000.

the current Motion to Alter or Amend Judgment, for Relief from Judgment, and to Consider the Parties' Settlement Agreement. Plaintiffs also concurrently filed a Motion for Preliminary Approval of Settlement, for Approval of Class Notice, and Setting Hearing on Final Approval.

### III. JUDICIAL STANDARD

If a ruling has resulted in a final judgment or order (e.g., granting summary judgment), a motion for reconsideration may be based on either Fed. R. Civ. P. 59(e) or Rule 60(b). *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

#### A. Rule 59(e) Motion to Alter or Amend Judgment

District courts have power to alter or amend a judgment by motion under Rule 59(e). The motion must be filed no later than 10 days after entry of the judgment, and it must seek a substantive change that would result in a substantive alteration of the judgment rather than just a clerical correction or change in a purely procedural matter. Fed. R. Civ. P. 59(e); *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *United States v. 47 West 644 Route 38, Maple Park, Ill.*, 190 F.3d 781, 782 (7th Cir. 1999).

Rule 59(e) does not set forth any specific grounds for relief, but generally, a motion will lie where: 1) there is newly discovered evidence; 2) the district court committed clear error or its initial decision was manifestly unjust; or 3) there is an intervening change in the controlling law. *School Dist. No. 1J, Multnomah County*, 5 F.3d at 1262. A motion to alter or amend a judgment may not be used merely to reconsider factual or legal arguments that were or could have been raised prior to entry of judgment. *Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001) (holding motion to alter or amend judgment properly denied because it repeated legal arguments that had been made before and sought to introduce previously available facts).

#### B. Rule 60(b) Relief from Judgment or Order

A party may also request relief from a court order pursuant to Rule 60(b). Rule 60(b) provides, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment...." Fed. R. Civ. P. 60(b). Relief under subsection (6) requires a finding of "extraordinary circumstances." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). A motion under Rule 60(b) must be made "within a reasonable time, and... not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

Additionally, Local Rule 7-18 empowers the Court to reconsider its own decisions on prior motions. Local Rule 7-18 specifically provides that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rule 7-18.

## IV. DISCUSSION

### A. Plaintiffs' Motion for Relief Fails Under Rule 60(b)(6)[5]

The Ninth Circuit has held that Fed. R. Civ. P. 60(b)(6) is an equitable remedy which is to be used sparingly to prevent manifest injustice. *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Rule 60(b)(6) is to be utilized only where "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* In other words, relief under Rule 60(b)(6) is granted only where extraordinary circumstances prevented a litigant from seeking "earlier, more timely relief." *Id.* In order for relief to be granted under Rule 60(b)(6), the moving party must show: (1) injury and (2) "that circumstances beyond its control prevented timely action to protect its interests." *Id.*

Plaintiffs argue that they should be granted relief under Rule 60(b)(6) because of the "extraordinary circumstances" of the Court issuing its summary judgment rulings on the same day that the parties signed a term sheet indicating they had reached a settlement in the case. Plaintiffs contend that if relief is not granted under Rule 60(b)(6), the class will have suffered injury because Defendants will then be allowed to breach the parties' settlement agreement. Moreover, Plaintiffs argue that without relief from the Court, Plaintiffs will be forced to appeal the Court's summary judgment rulings, the present ruling, and may be forced to file a separate suit for breach of the settlement agreement.

A review of Plaintiffs' Motion shows that relief under Rule 60(b)(6) is not warranted in this case. First, the Court does not find that issuance of its summary judgment rulings on the same day the parties reached a settlement constitutes "extraordinary circumstances" warranting relief under Rule 60(b)(6). Plaintiffs and Defendants bore the risks of litigation equally. Plaintiffs voluntarily, with full knowledge of the consequences, proceeded to continue settlement talks while Defendants' Motions for Summary Judgment were pending. In short, Plaintiffs made their decision and now they must live with the consequences.

Additionally, the Ninth Circuit has held that there is a compelling interest in the finality of judgments which cannot be lightly disregarded. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Other circuits have echoed this holding and have added that an important consideration in deciding whether to grant relief under Rule 60(b)(6) is whether the litigants received a ruling on the merits of the case. *MIF Realty L.P. v. Rochester Assoc.*, 92 F.3d 752, 756 (8th Cir. 1996); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Courts have found that there is much more liberality in reopening a judgment when the merits of the case were never considered prior to judgment. *MIF Realty L.P.*, 92 F.3d at 756.

Here, the Court considered Defendants' Motions for Summary Judgment as well as Plaintiffs' Oppositions to these Motions. Having carefully considered the record and evidence presented in the case, the Court concluded that Plaintiffs' claims failed as a matter of law. Thus, the Court issued its judgments after a decision was reached on the merits of the case and Plaintiffs fail to present any extraordinary circumstances that warrant disturbing the Court's judgments.

In sum, Plaintiffs are unable to make the necessary showing that they sustained injury and that circumstances beyond their control prevented timely action to protect their interests. Thus, the Court concludes that this is not one of those rare cases in which "extraordinary circumstances" warrant relief from the Court's summary judgment rulings under Rule 60(b)(6).

---

[5]Though neither party addressed whether the Court should reconsider its decision pursuant to Local Rule 7-18, the Court finds sua sponte that this Rule does not provide any valid ground for reconsideration.

### B. Plaintiffs' Motion to Alter or Amend is Not Warranted Under Rule 59(e)

It is well established that district courts have considerable discretion when considering motions to amend that are brought pursuant to Rule 59(e). *Turner v. Burlington Northern Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003). Though there are four separate grounds upon which a Rule 59(e) motion may be granted, Plaintiffs here only assert one ground under Rule 59(e) in support of their Motion. Plaintiffs argue that the Court should grant Plaintiffs' Rule 59(e) motion upon the ground that the motion is "necessary to prevent manifest injustice." *Id.* (internal quotation marks omitted). According to Plaintiffs, a manifest injustice would result if the Court did not grant their motion under Rule 59(e) because the parties ultimately arrived at a settlement the same day the Court issued its summary judgment rulings in favor of Defendants. Plaintiffs assert that if the Court does not grant the relief they request, Plaintiffs will be forced to pursue further litigation with respect to the Court's summary judgment rulings as well as the present ruling.

Plaintiffs arguments are not well-taken. The Court finds that Plaintiffs have made no showing that a manifest injustice would result if the Court did not grant Plaintiffs' Motion to Alter or Amend. That the parties reached a tentative settlement on the same day the Court issued its summary judgment rulings does not, without more, mean that a manifest justice will result if the Court allows its summary judgment rulings to stand. Moreover, the potential for continued litigation in the form of appeals of the Court's rulings and the possible filing of a new case do not warrant a finding of manifest injustice. As such, the Court finds that Plaintiffs' have not met their burden under Rule 59(e) and therefore, their Motion to Alter or Amend pursuant to Rule 59(e) is denied.

### C. Plaintiffs' Motion for Preliminary Approval of Settlement is Denied

In addition to the filing of their Motion to Alter or Amend Judgment, for Relief from Judgment, and to Consider the Parties' Settlement Agreement, Plaintiffs contemporaneously filed with the Court a Motion for Preliminary Approval of Settlement, for Approval of Class Notice, and Setting Hearing on Final Approval. However, in light of the Court's denial of Plaintiffs' Motion to Alter or Amend Judgment, Plaintiffs' Motion for Preliminary Approval of Settlement, for Approval of Class Notice, and Setting Hearing on Final Approval is denied as moot.

### V. CONCLUSION

In light of the foregoing, the Court **denies** Plaintiffs' Motion to Alter or Amend Judgment, for Relief from Judgment, and to Consider the Parties' Settlement Agreement. The Court also **denies as moot** Plaintiffs' Motion for Preliminary Approval of Settlement, for Approval of Class Notice, and Setting Hearing on Final Approval.

**IT IS SO ORDERED.**

Initials of Preparer _____ slw