1  Christopher Kim (Bar No. 82080)
2  Lisa J. Yang (Bar No. 208971)
   LIM, RUGER & KIM, LLP
3  1055 W. 7th Street, Suite 2800
   Los Angeles, California 90017
4  Telephone: (213) 955-9500
5  Fax:  (213) 955-9511
   ckim@lrklawyers.com
6  lisayang@lrklawyers.com
7
8  Joseph H. Meltzer                      Lynn Lincoln Sarko
   Edward W. Ciolko                       T. David Copley
9  SCHIFFRIN BARROWAY TOPAZ &             Laura R. Gerber
   KESSLER, LLP                           KELLER ROHRBACK L.L.P.
10 280 King of Prussia Road               1201 Third Avenue, Suite 3200
11 Radnor, Pennsylvania 19087             Seattle, Washington 98101-3052
   Telephone: (610) 667-7706              Telephone: (206) 623-1900
12 Fax: (610) 667-7056                    Fax: (206) 623-3384
13

14              **UNITED STATES DISTRICT COURT**
15              **CENTRAL DISTRICT OF CALIFORNIA**

16 IN RE SYNCOR ERISA LITIGATION  )  MASTER FILE: 03 CV 2446 (RGK)
                                   )  (RCx)
17 _____ )
                                   )
18                                 )  **PLAINTIFFS' NOTICE OF**
   THIS DOCUMENT RELATES TO:       )  **MOTION AND MEMORANDUM**
19 ALL ACTIONS                     )  **OF LAW IN SUPPORT OF**
                                   )  **MOTION FOR PRELIMINARY**
20                                 )  **APPROVAL OF CLASS ACTION**
21                                 )  **SETTLEMENT**
                                   )
22                                 )  Date:  July 21, 2008
23                                 )  Time:  9:00 a.m.
                                   )  Dept.: Courtroom 830
24                                 )  Judge: Hon. R. Gary Klausner
25                                 )  Pretrial Conference:  December 1, 2008
26 _____ )  Trial:  December 16, 2008
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

To all parties and their attorneys of record:

Please take notice that on July 21, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 830 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles California, Plaintiffs will, and hereby do, make a Motion for Preliminary Approval of a proposed Class Action Settlement, pursuant to Fed. R. Civ. P. 23(e).

This Motion is made on the grounds that this case has been settled, pending approval of the settlement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 2, 2008.

***This motion is unopposed***.  Counsel ***waive oral argument*** on this motion. L.R. 7-15.

This Motion is supported by the accompanying Memorandum of Points and Authorities, this Court's files, and any additional evidence that may be presented at the hearing on this matter.

Respectfully submitted this 24th day of June, 2008.

**KELLER ROHRBACK L.L.P.**


By: /s/ T. David Copley
Lynn Lincoln Sarko
T. David Copley
Laura Gerber
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel:  (206) 623-1900
Fax:  (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Christopher Kim
Lisa J. Yang
LIM, RUGER & KIM, LLP
1055 West Seventh Street
Suite 2800
Los Angeles, California 90017
Tel: 213-955-9500
Fax: 213-955-9511

Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087

*Attorneys for Plaintiffs*

# I.  MEMORANDUM OF POINTS AND AUTHORITIES

Carol Pilkington, Shirley Nobrega, and Pamela Thomson, individually and as Court-appointed Class Representatives ("Plaintiffs"), bring this motion pursuant to Fed. R. Civ. P. 23(e) seeking preliminary approval of a proposed class action settlement.  The proposed settlement is described herein and set forth more fully in the accompanying executed Settlement Agreement dated June 23, 2008 ("Settlement Agreement").

Plaintiffs respectfully request that the Court (1) grant preliminary approval of the Settlement; (2) direct the dissemination of notice to the members of the Settlement Class; and (3) schedule a hearing to consider whether to grant final judicial approval of the Settlement.

## A.     Background

### 1.      The Plaintiffs

The named Plaintiffs in this case, Ms. Pilkington, Ms. Nobrega and Ms. Thomson, are former participants in the Syncor Employees' Savings and Stock Ownership Plan ("Plan"), which is a Plan established and operated under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Several actions were filed in this Court in 2003, all of which were consolidated by Order dated March 4, 2003.  Keller Rohrback L.L.P. ("KR") and Schiffrin & Barroway,[1] L.L.P. were appointed lead counsel for Plaintiffs in the consolidated action.

---

[1]  The firm Schiffrin & Barroway, LLP subsequently became Schiffrin Barroway Topaz & Kessler, LLP (hereinafter "SBTK").

Following extensive briefing, the Court granted class certification. *In re Syncor ERISA Litigation,* 227 F.R.D. 338 (C.D. Cal. 2005), *review denied*, No. 05-80031 (9th Cir. July 18, 2005). The certified class is defined as follows:

> All participants in the Syncor International Corporation Employees'
> Savings and Stock Ownership Plan and their Beneficiaries, excluding
> the Defendants and their immediate family members, for whose
> accounts the fiduciaries of the Plan made or maintained investments in
> Syncor stock for the Plan between July 26, 2000 and January 1, 2003.

The class certification Order appointed Ms. Pilkington, Ms. Nobrega and Ms. Thomson as Class Representatives, and KR and SBTK. as Class Counsel.

## 2.     The Defendants

Plaintiffs filed a Consolidated Complaint on February 25, 2004 ("Complaint"). The Complaint named several persons as defendants, including: Syncor International Corporation ("Syncor"), members of Syncor's Board of Directors, including Monty Fu, Robert G. Funari, George S. Oki, Bernard Puckett, Ronald A. Williams, Steven B. Gerber, Arnold E. Spangler, and Gail R. Wilensky ("Director Defendants") and members of the Plan Administrative Committee, including Edwin A. Burgos and Sheila H. Coop ("Committee Defendants").

Defendants filed motions to dismiss, which were granted in part and denied in part. *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004). Among other rulings, the Court dismissed the claims against Defendants Burgos and Coop.

Later, Plaintiffs negotiated a tolling agreement and dismissed, without prejudice, the claims against Defendants Oki, Puckett, Williams, Gerber, Spangler, and Wilensky.

Plaintiffs proceeded with claims against Defendants Syncor, Fu and Funari.

### 3.      The Claims Asserted

Plaintiffs asserted claims pursuant to ERISA § 502, 29 U.S.C. § 1132. Plaintiffs alleged that Defendants breached their fiduciary duties by causing the Plan to purchase and hold shares of Syncor common stock while Syncor's management knew that its foreign subsidiaries were engaged in an illegal bribery scheme, which upon becoming public knowledge, resulted in tens of millions of dollars losses to the Plan.

Plaintiffs stated two[2] claims for relief:

In Count I, Plaintiffs alleged that Syncor failed to prudently and loyally manage Plan assets, a breach of fiduciary duties in violation of ERISA §§ 404(a)(1)(A)-(D) & 405, 29 U.S.C. §§ 1104(a)(1)(A)-(D) & 1105. (This Count originally contained similar allegations against the Committee Defendants, but that claim was dismissed.)

In Count II, Plaintiffs alleged that Syncor and Director Defendants Fu and Funari failed to monitor the Committee Defendants and provide them with accurate information, a breach of fiduciary duty in violation of ERISA §§ 404(a)(1)(A)-(D) & 405, 29 U.S.C. §§ 1104(a)(1)(A)-(D) & 1105.

### 4.      Trial Preparation

Discovery was stayed pending the Court's ruling on the motions to dismiss and pending a case management order. Discovery began in earnest in January 2005.

In May 2005, the Court accelerated all previously-set deadlines, and set a firm trial date of February 7, 2006. Both sides conducted aggressive discovery and trial preparation to meet the deadlines imposed by the Court and the Local Rules.

---

[2] Counts III and IV of the Complaint were dismissed.

The parties conducted extensive fact discovery.  Plaintiffs' counsel reviewed over 160,000 pages of hard-copy documents and more than 240,000 pages of electronic documents.  These documents primarily concerned Syncor's international operations, Plan governance documents, Plan materials, and Plan communications.

Discovery included several motions to compel by Plaintiffs.  The most important of these motions resulted in a Court Order that forced Syncor to produce thousands of pages of material improperly withheld as work product and attorney-client privilege. *See* July 6, 2005 Order, *aff'd*, August 22, 2005 Order.

Plaintiffs' counsel also conducted twenty (20) depositions of Syncor's employees and Directors.  Further, on November 7, 2005, Plaintiffs produced five (5) detailed expert reports from Alan D. Biller, Dr. Scott D. Hakala, Dr. Carla Hayn, David A. Pratt, and Saul Solomon.  On November 28, 2008, Plaintiffs filed a supplemental report from Mr. Biller, in response to Syncor's report from David Heald.

Just before Thanksgiving 2005, Syncor and Fu filed separate motions for summary judgment.  Plaintiffs filed opposition papers on December 5, 2005.

### 5.    Settlement Efforts

On December 12, 2005, the parties participated in mediation as required by the former L.R. 16-14.1 with Professor Eric Green, a nationally-recognized mediator.  Following the mediation, the parties continued to negotiate toward settlement with both sides arguing their respective positions strenuously.  Negotiations between the parties continued during late December of 2005, and continued in early January of 2006.  On January 10, 2006, all parties executed a settlement agreement and jointly informed the Court that a settlement had been reached.

**6.    Post-Settlement Proceedings**

Notwithstanding the parties' settlement, the Court granted Defendants' Motions for Summary Judgment on January 11, 2006.  The Court entered final judgment on January 12, 2006 in favor of the Defendants.

On January 25, 2006, Plaintiffs filed a Motion to Alter or Amend Judgment, For Relief from Judgment and to Consider the Parties' Settlement Agreement.  On that same date, Plaintiffs filed a Motion for Preliminary Approval of Settlement, for Approval of Class Notice, and Setting Hearing on Final Approval.  On March 2, 2006, Plaintiffs' post-judgment motions were denied.

Plaintiffs sought review by the Ninth Circuit Court of Appeals. On February 19, 2008, the Ninth Circuit reversed and remanded.  Defendants-Appellees petitioned for a panel rehearing and/or rehearing en banc, but those requests were denied.  On April 23, 2008, the Ninth Circuit issued its mandate pursuant to Fed. R. Civ. P. 41(a).

In view of the Ninth Circuit's ruling, Plaintiffs and Defendants agreed to proceed with the parties' January 10, 2006 settlement.  At a June 2, 2008 status conference, Plaintiffs' counsel and Defendants' counsel advised the Court that the parties intended to present formal settlement papers for the Court's consideration and review under Rule 23(e).  The parties have now executed a formal Settlement Agreement, dated June 23, 2008, a true and correct copy of which is attached hereto as Exhibit 1.

**B.    Summary Of Settlement Terms**

The essential terms of the Settlement Agreement are summarized below:

- The Settling Defendants are all Defendants remaining in this Action, including the Company, Monty Fu, and Robert Funari, each of whom is alleged to have served as a fiduciary for the Plan.

- The Settling Plaintiffs are all members of the Certified Class, which is defined as: "All participants in the Syncor International Corporation Employees' Savings and Stock Ownership Plan and their beneficiaries, excluding the Defendants and their immediate family members, for whose accounts the fiduciaries of the Plan made or maintained investments in Syncor stock for the Plan between July 26, 2000 and January 1, 2003."

- The Settlement Amount is four million dollars ($4,000,000.00), to be allocated among Class Members on a pro-rata basis after payment of certain Court-approved expenses.  Plaintiffs will propose a detailed Plan of Allocation in connection with the Final Approval Hearing.

- The Scope of Release includes all claims asserted or that could have been asserted by Plaintiffs in the Consolidated Complaint or by Defendants in their responsive pleadings.

- Defendants' liability for Plaintiffs' attorneys' fees and expenses is capped at four million dollars ($4,000,000.00).  Defendants have agreed not to oppose, directly or indirectly, any application for Plaintiffs' attorneys fees and expenses up to four million dollars.

- The settlement is contingent on two conditions subsequent: the District Court's approval of the settlement pursuant to Fed. R. Civ. P. 23(e), and non-opposition by the Department of Labor.

**C.    Proposed Schedule**

Plaintiffs suggest the following process and schedule for issuing Class Notice and setting a Hearing on Final Approval of the proposed class action settlement and related administrative issues:

| | |
|---|---|
| *Step 1:*  Plaintiffs shall see to the issuance of Class Notice via First Class Mail and internet publication. | On or before [August 11, 2008] |
| *Step 2:*  Plaintiffs shall file with the Court and publish on the internet their (1) Motion for award of Class Counsel's fees and expenses; (2) Motion for approval of class representative incentive payments; and (3) Motion for approval of Plan of Allocation. | On or before [August 25, 2008] |
| *Step 3*:  Deadline for Class Members to object to or state support for proposed Settlement, plan of allocation, fee petition, and request for incentive awards. | On or before [October 6, 2008] |
| *Step 4:*  Plaintiffs shall file with the Court and publish on the internet their Motion for Final Approval of the Settlement. | On or before [October 20, 2008] |
| *Step 5:*  Hearing on (1) Motion for Final Approval of the Settlement; (2) Motion for award of Class Counsel's fees and expenses; (3) Motion for approval of class representative incentive payments; and (4) Motion for approval of Plan of Allocation. | [November 3, 2008] |

**D.    The Settlement Agreement Meets The Judicial Standards For Preliminary Approval Under Rule 23**

Although the procedure for approval of a class action settlement is not specifically delineated in Fed. R. Civ. P. 23, a two-step hearing procedure is set forth and approved in the Federal Judicial Center's *Manual for Complex Litigation*

§ 21.632, at 320-21 (4th ed. 2004), and is universally followed by federal courts considering class action settlements. At the first stage, the parties submit the settlement to the Court for preliminary approval and the Court makes a preliminary fairness evaluation. *Id.* Once the initial inquiry into the fairness, reasonableness, and adequacy of the settlement is complete, the Class should be notified so that the second stage of the process, a formal Rule 23(e) fairness hearing, can be scheduled and completed. *Id.* Fed. R. Civ. P. 23(e) requires the district court to determine whether a proposed settlement, taken as a whole, is fundamentally fair, adequate, and reasonable. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations omitted).

Now, we address the first step in this process: whether the Court should grant preliminary approval to the settlement and authorize the issuance of Notice to the Class concerning the proposed settlement.

### 1.    Settlements Are Highly Favored

The Ninth Circuit is firmly "committed to the rule that the law favors and encourages compromise settlements." *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (*quoting United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977)). "There is an overriding public interest in settling and quieting litigation." *Id. See also Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979). Not only does the Ninth Circuit favor settlement agreements, but this Court's Local Rules make this policy explicit. *See* L.R. 16-15.

Courts afford a presumption of fairness to a settlement if "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class object[s]." *Rodriguez v. West Publ'g Corp.,* No. 05-3222, 2007 WL 2827379, at *7 (C.D. Cal. Sept. 10, 2007), *citing* 4 Alba Conte &

1   Herbert B. Newberg, *Newberg on Class Actions* § 11.41 (4th ed. 2002); *Young v.*
2   *Polo Retail, LLC*, No. 02-4546, 2006 WL 3050861, at *5, (N.D. Cal. Oct. 25,
3   2006).  The last criterion has no applicability at the preliminary approval stage
4   (because notice has not yet issued and the views of the Class are not yet known),
5   but all of the other criteria support a presumption that the proposed settlement is
6   fair and reasonable: (1) This Settlement was achieved through exhaustive arms-
7   length negotiations including the efforts of a well-respected mediator, Professor
8   Eric Green; (2) This Settlement was achieved after the completion of discovery,
9   the exchange of expert reports, and full briefing of summary judgment motions.
10  Indeed, the case settled on the eve of trial, when all parties were fully able to
11  evaluate the risks and benefits of proceeding further; and (3) Plaintiffs' Counsel
12  are highly experienced in this sort of litigation, including dozens of ground-
13  breaking ERISA actions.[3]  Likewise, Defense counsel have abundant experience
14  litigating cases similar to this one.

15

16  [3] KR has served in a leadership position in the following major ERISA breach of
17      fiduciary duty cases involving 401(k) and ESOP plans: *Whetman v. IKON Office*
18      *Solutions, Inc.,* No. MDL 1318 (E.D. Pa.); *In re Lucent Technologies, Inc. ERISA*
        *Litigation,* No. 01-CV-3491 (D.N.J.); *In re Enron Corp. ERISA Litigation*, No. H
19      01-CV-3913 (S.D. Tex.); *In re Worldcom, Inc. ERISA Litigation*, No. 02 Civ.
20      4816 (DLC) (S.D.N.Y.); *In re BellSouth Corporation ERISA Litigation*, No. 02-
        CV-2440 (N.D. Ga.); *In re CMS Energy ERISA Litigation*, No. 02-72834 (E.D.
21      Mich.); *In re Dynegy, Inc. ERISA Litigation*, No. H-02-3076 (S.D. Tex.); *In re*
22      *HealthSouth Corp. ERISA Litigation,* No. CV-03-BE-1700-S (N.D. Ala.); *In re*
        *Household International, Inc. ERISA Litigation*, No. 02 C 7921 (N.D. Ill.); *In re*
23      *Mirant Corporation ERISA Litigation*, No. 1:03-CV-1027 (N.D. Ga.); *In re*
24      *Polaroid ERISA Litigation*, No. 03-CV-8335 (S.D.N.Y.); *In re Williams*
        *Companies ERISA Litigation*, No. 02-CV-153 (N.D. Okla.); *In re Delphi*
25      *Corporation Securities, Derivative & "ERISA" Litigation*, No. 05-CV-70882
26      (E.D. Mich.); *In re Goodyear Tire & Rubber Company ERISA Litigation*, No.
        5:03CV02180 (N.D. Ohio); and *In re Marsh ERISA Litigation*, No. 04-CV-8157

27

28

### 2.    The Proposed Settlement Satisfies Ninth Circuit Criteria For Preliminary Approval

In reviewing a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14, 101 S. Ct. 993, 67 L. Ed. 2d 59 (1981); *see also Officers for Justice v. Civil Serv. Comm'n.,* 688 F.2d 615, 625 (9th Cir. 1982). The Settlement as a whole must be examined for overall fairness, and the settlement must stand or fall in its entirety. *Hanlon,* 150 F.3d at 1026.

The Ninth Circuit has articulated eight factors that a court is to consider when evaluating a settlement's fairness, adequacy, and reasonableness. *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003); *Hanlon,* 150 F.3d at 1026. The factors are enumerated below:

---

(S.D.N.Y.). Similarly, SBTK has been named Lead or Co-Lead Counsel in numerous breach of fiduciary class actions across the nation, including: *In re Huntington Bancshares ERISA Litig.*, No. 08-CV-00197 (S.D. Ohio); *In re Nat'l City Corp. Sec., Derivative & ERISA Litig.*, No. 08-CV-7000 (N.D. Ohio); *Nowak v. Ford Motor Co.*, No. 06-cv-11718 (E.D. Mich.); *In re Diebold ERISA Litig.,* No. 5:06-cv-0170 (N.D. Ohio); *Brieger v. Tellabs, Inc.*, No. 06-cv-1882 (N.D. Ill.); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.); *Lewis v. El Paso Corp.*, No. 02-4860 (S.D. Tex.); *In re BellSouth Corp. ERISA Litig.*, No. 02-2440 (N.D. Ga.); *In re ADC Telecoms., Inc. ERISA Litig.*, No. 03-2989 (D. Minn.); *In re AOL ERISA Litigation*, No. 02-8853 (S.D.N.Y.); *In re Bristol-Myers ERISA Litigation*, No. 02-10129 (S.D.N.Y.); *In re Sears, Roebuck & Co. ERISA Litigation*, No. 02-8324 (N.D. Ill.); *Gee v. UnumProvident Corp.*, No. 03-1552 (E.D. Tenn.); and *In re Polaroid ERISA Litigation*, No. 03-8335 (S.D.N.Y.).

——————————————.

1

### a.    The Strength Of The Plaintiffs' Case

2      Plaintiffs contend that their case is strong on the merits.  Defendant Syncor

3   pled guilty to a felony count of violating the Foreign Corrupt Practices Act.

4   Plaintiffs allege that Syncor breached its fiduciary duties to the Plan by

5   countenancing continued Plan investments in Company stock at the same time the

6   Company was engaged in illegal conduct that rendered such investments

7   imprudent.  Plaintiffs also allege that Defendants Fu and Funari were Plan

8   fiduciaries, had personal knowledge of the Company's illegal foreign bribery

9   scheme, and were likewise imprudent in countenancing continued Plan

10  investments in Company stock.  Plaintiffs claims were strong enough to withstand

11  Defendants' motions for summary judgment.  *See In re Syncor ERISA Litig.,* 516

12  F.3d 1095 (9th Cir. 2008).  Plaintiffs believe that they had a significant chance of

13  success at trial.

14      At the same time, however, Plaintiffs also recognize that continued litigation

15  presents significant risks of an adverse outcome.  The law in this area is still

16  evolving, making it difficult to predict outcomes with any certainty.  Based on the

17  record presented on summary judgment motions, the District Court found for the

18  Defendants as a matter of law.  This ruling was reversed by the Ninth Circuit, but

19  Plaintiffs recognize the risk that the District Court, upon review of all the evidence

20  presented at trial, could again rule for Defendants.

21      Like many cases, this case presents a risk *to the Defendants* that Plaintiffs

22  would prevail at trial, resulting in an adverse judgment in the range of $20-46

23  million.  This case also presents a risk *to Plaintiffs* that trial would result in a

24  defense verdict.  The "strength of the case" factor supports preliminary approval of

25  the proposed settlement.

26

27

28

1

2

      **b.**      **The Risk, Expense, Complexity And Likely Duration Of**
                    **Further Litigation**

3

4

5

6

7

8

9

10

      Further litigation presents a significant risk to both sides, as discussed above.
Trial is currently set for December 2008.  If the case had not settled, both sides
would need to spend hundreds of thousands of dollars in additional pre-trial
preparation.  Both sides have retained costly experts who would need to be
prepared for trial.  Trial would present numerous complex and novel issues,
particularly concerning damages.  Trial itself would probably require three full
weeks of testimony.  And given the novelty of the issues, the losing party would be
virtually certain to appeal.

11

12

13

14

15

16

      These facts tend to favor preliminary approval of the proposed settlement.
"[U]nless the settlement is clearly inadequate, its acceptance and approval are
preferable to lengthy and expensive litigation with uncertain results." *Rodriguez v.*
*West Publ'g Corp.,* No. 05-3222, 2007 WL 2827379, at *8 (C.D. Cal. Sept. 10,
2007) (*quoting Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523,
526 (C.D. Cal. 2004)).

17

18

      **c.**      **The Risk Of Maintaining Class Action Status Throughout**
                    **Trial**

19

20

21

22

      Plaintiffs do not accord this factor much weight in the context of this case.
The Court's class certification Order was well-grounded, and Plaintiffs are not
aware of any realistic risk that the Class would face the decertification in the
course of continued litigation.

23

      **d.**      **The Settlement Amount**

24

25

26

      The settlement amount for the Class is $4 million.  This amount reflects a
compromise between Plaintiffs' realistic best-case estimate of $44-46 million and a
worst-case estimate of zero (a defense verdict).  Plaintiffs contend that their

27

28

minimum damages are approximately $8.5 million, resulting from Cardinal Health, Inc.'s revision of the merger ratio after Syncor's FCPA (Foreign Corrupt Practices Act, 15 U.S.C. §§ 78aa, 78dd-1, 78dd-2 & 78ff) violations were revealed.  The $4 million settlement represents approximately 50% of this "core" damages amount.

The settlement does not merely "split the difference" between Plaintiffs' and Defendants' damages calculations.  The parties engaged in arm's-length negotiations over the course of several weeks, with the active assistance of a mediator, to resolve both monetary and non-monetary terms of the settlement. This factor favors preliminary approval of the proposed settlement.

e.      The Stage Of Proceedings *Vis à Vis* The Settlement Timing

It is appropriate to consider whether sufficient discovery has taken place to enable Counsel and the Court to act intelligently in entering into and approving a settlement's terms. Conte & Newberg, *supra*, at § 11.41.  "A settlement following sufficient discovery and genuine arm's length negotiation is presumed fair." *Rodriguez,* 2007 WL 2827379, at *9 (internal citations omitted).  Here, the parties had completed discovery, which favors preliminary approval of the proposed settlement.

f.      The Experience Of Counsel

Class Counsel are highly experienced in litigating and settling ERISA breach of fiduciary duty claims in cases similar to this one.  Based on this broad experience, as well as the specific considerations presented under the facts and circumstances of this particular case, Class Counsel have concluded that the Settlement is fair, reasonable, and adequate, and should be presented to the Court for approval.  This factor tends to support preliminary approval of the proposed settlement.

g.      **The Presence Of A Governmental Participant**

In this case, the Government is not a party or a formal participant. The Department of Labor has monitored this litigation from its inception, however, and non-opposition by the Department is an express condition subsequent of the settlement.  The Department has reviewed the proposed settlement and has authorized Class Counsel to advise the Court that it will not oppose the proposed settlement.  This factor supports preliminary approval of the proposed settlement.

h.      **Reaction Of Class Members To The Settlement**

Each Class Representative supports the proposed settlement.  If the Court grants preliminary approval and approves the issuance of Class Notice, other Class members will have a chance to share their views concerning the proposed settlement.  This factor supports preliminary approval of the proposed settlement.

**3.      The Court Should Authorize The Issuance Of Class Notice**

Judicial review of class action settlements is governed by Rule 23(e):

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal….

Fed. R. Civ. P. 23(e).  Here, Plaintiffs propose that notice (in the form submitted herewith as Exhibit A to the [Proposed] Preliminary Approval Order) be sent to each Class Member by First Class Mail.  Notice will also be published on the internet.

According to *Rodriguez v. West Publishing Corp*., No. 05-3222, 2007 WL 2827379, at *6 (C.D. Cal. Sep. 10, 2007):

1
2
3
4
5
6
7
8
9

> Proper notice should provide: (a) the material terms of the proposed settlement; (b) disclosure of any special benefit to the class representatives; (c) disclosure of the attorneys' fees provisions; (d) the time and place of the final approval hearing and the method for objecting to the settlement; (e) an explanation regarding the procedures for allocating and distributing the settlement funds; and (f) the address and phone number of class counsel and the procedures for making inquiries.

10  The proposed notice satisfies each of these requirements. *Silber v. Mabon,* 18 F.3d

11  1449, 1452-54 (9th Cir. 1994) (approving notice by first class mail as the "best

12  notice practicable"); *Mendoza v. Tucson Sch. Dist. No. 7,* 623 F.2d 1338, 1352 (9th

13  Cir. 1980), *rev'd on other grounds*, 475 U.S. 717 (1986), (stating that notice is

14  satisfactory if it "generally describes the terms of the settlement in sufficient detail

15  to alert those with adverse viewpoints to investigate and to come forward and be

16  heard").

17          Therefore, the Court should approve the proposed notice as adequate.

18  **E.      Conclusion**

19          For the reasons discussed herein, the Settlement is an excellent result for the

20  Class in this complex and hard-fought ERISA class action. Thus, Class Counsel

21  respectfully request that the Court grant their motion and (i) enter the Preliminary

22  Approval Order; (ii) authorize the issuance of Notice to the Class; and (iii) set a

23  Fairness Hearing and briefing schedule for Plaintiffs' motion in support of final

24  settlement approval, Plaintiffs' motion for award of attorneys' fees and expenses

25  and Class Representative compensation, and Plaintiffs' motion for approval of plan

26  of allocation.

27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted this 24th day of June, 2008.

**KELLER ROHRBACK L.L.P.**


By:  /s/ T. David Copley
Lynn Lincoln Sarko
T. David Copley
Laura Gerber
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel:  (206) 623-1900
Fax:  (206) 623-3384

Christopher Kim
Lisa J. Yang
LIM, RUGER & KIM, LLP
1055 West Seventh Street
Suite 2800
Los Angeles, California 90017
Tel: 213-955-9500
Fax: 213-955-9511

Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
**SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Attorneys for Plaintiffs*