Christopher Kim (Bar No. 82080)
Lisa J. Yang (Bar No. 208971)
LIM, RUGER & KIM, LLP
1055 W. 7th Street, Suite 2800
Los Angeles, California 90017
Telephone: (213) 955-9500
Fax:  (213) 955-9511
ckim@lrklawyers.com
lisayang@lrklawyers.com

| | |
|---|---|
| Joseph H. Meltzer | Lynn Lincoln Sarko |
| Edward W. Ciolko | T. David Copley |
| SCHIFFRIN BARROWAY TOPAZ & | Laura R. Gerber |
| KESSLER, LLP | KELLER ROHRBACK L.L.P. |
| 280 King of Prussia Road | 1201 Third Avenue, Suite 3200 |
| Radnor, Pennsylvania 19087 | Seattle, Washington 98101-3052 |
| Telephone: (610) 667-7706 | Telephone: (206) 623-1900 |
| Fax: (610) 667-7056 | Fax: (206) 623-3384 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SYNCOR ERISA LITIGATION | MASTER FILE: 03 CV 2446 (RGK) (RCx) |
| | **NOTE CHANGES MADE BY THE COURT*** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **ORDER AND FINAL JUDGMENT** |
| | Date: October 6, 2008 |
| | Time: 9:00 a.m. |
| | Dept.: Courtroom 830 |
| | Judge: Hon. R. Gary Klausner |

This *Action* came on for hearing on October 6, 2008 to determine the fairness of the proposed settlement agreement dated June 23, 2008, which was the

ORDER AND FINAL JUDGMENT
Page - 1

subject of this Court's Order Granting Preliminary Approval of the Proposed Class Action Settlement (MASTER FILE 03 CV 2446 (RGK) (RCx)). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the Class Action Settlement Agreement dated June 23, 2008 ("*Settlement Agreement*") between *Plaintiffs* and *Defendants.*

1. The Court has jurisdiction over the subject matter of the *Action* and over all *Parties* to the *Action*, including all members of the *Settlement Class*.

2. Consistent with this Court's Order entered March 29, 2005 granting Named Plaintiffs' motion for class certification ("*Class Certification Order*"), for the purpose of settling and resolving the *Action*, the Court acknowledges this action is certified as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1)(B). The *Settlement Class* is defined as:

> All participants in the Syncor International Corporation Employees' Savings and Stock Ownership Plan [the "Plan"] and their beneficiaries, excluding the Defendants and their immediate family members, for whose accounts the fiduciaries of the Plan made or maintained investments in Syncor stock for the Plan between July 26, 2000 and January 1, 2003.

3. Per the *Class Certification Order*, Carol Pilkington, Shirley Nobrega, and Pamela Thompson (the "*Named Plaintiffs*") are appointed as *Settlement Class* representatives, and Keller Rohrback L.L.P. and Schiffrin Barroway Topaz & Kessler, LLP, (collectively, "*Class Counsel*") are appointed as *Settlement Class* counsel pursuant to FED. R. CIV. P. 23(g).

4. The Court finds that the *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing*, *Class Counsel's* application for attorneys' fees and expenses and for *Named Plaintiff* compensation, and the *Plan of Allocation*, such notice having been given in accordance with the Order Granting Preliminary Approval of Proposed Class Action Settlement (MASTER FILE 03 CV 2446 (RGK) (RCx)). Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts, as well as Internet notice, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5. Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves and confirms the *Settlement* as a fair, reasonable, and adequate settlement and compromise of the *Action*.

6. The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions, including and incorporating any Court-approved stipulations regarding the terms and conditions of the Settlement Agreement.

7. The Court finds that the *Settlement* embodied in the *Settlement Agreement* is fair, reasonable and adequate, and more particularly finds:

    (a) The *Settlement* was negotiated vigorously and at arm's-length by counsel for the Defendants, on the one hand, and the *Class Counsel* on behalf of the *Settlement Class*, on the other;

    (b) This *Action* settled after the completion of sufficient *Plan*-related and merits document and deposition discovery and after the Court had already ruled on the Defendants' motions to dismiss the *Complaint* and granted

ORDER AND FINAL JUDGMENT
Page - 3

1  *Plaintiffs'* motion for class certification. The *Settlement* was reached while
2  *Defendants'* motion for summary judgment was fully briefed and pending. The
3  *Settlement* was reached following arm's-length negotiations among counsel with
4  the assistance of an experienced mediator, all of whom were thoroughly familiar
5  with this litigation. Both *Plaintiffs* and *Defendants* had sufficient information to
6  evaluate the settlement value of the *Action*;

      (c) If the *Settlement* had not been achieved, *Named Plaintiffs* and *Defendants* faced the expense, risk, and uncertainty of extended litigation;

      (d) The amount of the *Settlement* is fair, reasonable, and adequate. The *Settlement* amount is within the range of settlement values obtained in similar cases;

      (e) At all times, the *Named Plaintiffs* have acted independently of *Defendants* and in the interest of the *Settlement Class*; and,

      (f) The Court has duly considered each objection to the *Settlement* that was filed.

      8. The *Plan of Allocation* is approved as fair and reasonable. *Class Counsel,* their designated *Financial Institution* and the *Plan Trustee* (or its duly-appointed designee) are directed to administer the *Settlement Agreement* and *Plan of Allocation* in accordance with their respective terms and provisions.

      9. The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

      10. The Court approves the Releases as set forth in Section 3 of the *Settlement Agreement*, which are incorporated by reference in this Order and Final Judgment and hereby become effective. All released claims are hereby dismissed with prejudice, and all releases are barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any of the released parties

arising out of or relating in any way to the released claims.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

11. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the *Settlement Agreement* or the termination of the *Settlement Agreement*.  The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and compensation to *Named Plaintiffs*, and reimbursements of expenses, submitted pursuant to the *Settlement Agreement*.

12. ~~In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Judgment* shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately preceding the *Agreement Execution Date*.  The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule, consistent with the operative schedule in place immediately preceding the *Agreement Execution Date*.~~

13. This *Judgment* shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability.

IT IS SO ORDERED.

DATED: 10/22/ 2008



_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

ORDER AND FINAL JUDGMENT
Page - 5